THE SOUTHERN OHIO FINANCE CORP. *v.* WAHL, JR.

(Decided April 29, 1929.)

*Mr. John C. McCarthy,* for plaintiff in error.
*Messrs. Ragland, Dixon & Murphy,* for defendant in error.

Ross, J. On June 2, 1926, in the court of common pleas of Hamilton county, the plaintiff in error recovered a judgment upon confession amounting to $2,223.

On June 13, 1928, the attorney for the plaintiff in error filed in the same case an affidavit in aid of execution on behalf of the plaintiff in error. The affidavit alleged that the affiant, who was attorney for the plaintiff in error, believed that William E. Hess, county auditor, and Samuel Ach, county treasurer, were liable to the plaintiff in error for money owing to the judgment debtor. On the same day there was entered an order designated thereon "Order for Execution of Debtor of Judgment Debtor," which is as follows:

"On application of the Southern Ohio Finance Corporation the Judgment Debtor and it appearing by proof in writing and by affidavit submitted therein to my satisfaction that William Hess, County Auditor, and Samuel Ach, County Treasurer, both residing in said County of Hamilton, Ohio, have property of, and are indebted to said Joseph H. Wahl, Jr., the judgment debtor herein, it is hereby ordered that said William E. Hess, County Auditor, and Samuel Ach, County Treasurer, appear before me in Room No. 8 of the Common Pleas Court in the Court House of said County of Hamilton on the 16th day of June, 1928, at 9 o'clock, A. M., and asks concerning said property and it is further ordered that the Sheriff serve this order on said William Hess, County Audi-

tor, Samuel Ach, County Treasurer, and Joseph H. Wahl, Jr.''

This order was served by the sheriff upon Joseph H. Wahl, the defendant in error, William F. Hess, county auditor, and Samuel Ach, county treasurer, personally.

On June 25, 1928, another affidavit in aid of execution was filed, similar to the former except that William F. Hess, county auditor, alone was named as liable to the plaintiff in error for money owing to the judgment debtor. On the same day, the following order, designated as before, was entered:

''On application of the Southern Ohio Finance Corporation the Judgment creditor and it appearing by proof in writing and by affidavit submitted herein to my satisfaction that William F. Hess, County Auditor, residing in said County of Hamilton, Ohio, has property of, and is indebted to said Joseph H. Wahl, Jr., the judgment debtor herein, it is hereby ordered that said William F. Hess, County Auditor of Hamilton County, Ohio, appear before me in Room No. 10 the 30th day of June, A. D., 1928, at 9 o'clock A. M., and answer concerning said property and hold subject to the order of this Court such property he has or will have hereafter in his possession belonging to the Judgment Debtor Joseph H. Wahl, Jr., and it is further ordered that the Sheriff of Hamilton County, Ohio, serve this order on said William F. Hess, County Auditor and Joseph H. Wahl, Jr.''

This order was also served by the sheriff upon the defendant William F. Hess, personally.

On July 6, a hearing was had before the court. No evidence was introduced on behalf of the plain-

tiff in error. The defendant in error testified on his own behalf. The county auditor paid the clerk of courts $15 upon the court's issuing the following order, from which error is prosecuted to this court:

"It appearing to the Court that the Judgment Debtor herein has been served with notice in writing of these proceedings; and it appearing further that the garnishee is liable to the judgment Debtor in the sum of Seventy-five ($75.00) Dollars:

"It being further made to appear to the Court that the earnings of the said Judgment Debtor within the past thirty (30) days from date of the Order in Aid of Execution, heretofore entered herein, amounts to One Hundred and Fifty ($150.00) Dollars, and that all of said earnings of the said Judgment Debtor are necessary for the support of himself and his family.

"It is therefore considered and ordered by the Court that the said Garnishee, William F. Hess, County Auditor, pay to the Clerk of this Court the sum of Fifteen ($15.00) Dollars to be applied to the account of said Judgment, the remaining money in the hands of said Garnishee so earned by the defendant is hereby released, to which order of the Court the plaintiff excepts. Defendant also excepts."

It is assigned as error that the court instead of ordering $15 paid to the plaintiff in error should have ordered $75 paid to the plaintiff in error. In his brief, counsel for plaintiff in error states that money due the defendant in error from his employer, the auditor of Hamilton county, was "levied upon." There is nothing in the record indicating such action. It is further stated that the auditor answered

that the debtor was receiving $150 a month, and that there was due him at the time of the service of the order in aid of execution (which of the orders is not indicated) $75.

The record shows no answer filed on the part of the auditor or the treasurer of Hamilton county.

The salary of the defendant in error was a debt of the county of Hamilton, and the auditor was merely the superior of the defendant in error, but the auditor did not owe the defendant in error anything so far as the record shows. Therefore, the auditor, not being the employer of the defendant in error, was not a proper party as garnishee; and, if, in his representative capacity, it is attempted to make the county of Hamilton garnishee, we know of no authority permitting such action. Counties are the subdivisions and agencies of the state, provided for by the Constitution of the state of Ohio. They are constituent parts of the scheme of the permanent organization of the government of the state. *State, ex rel. Godfrey,* v. *O'Brien, Treas.,* 95 Ohio St., 166, 173, 115 N. E., 25; *State, ex rel. Guilbert, Aud.,* v. *Yates, Aud.,* 66 Ohio St., 546, at page 551, 64 N. E., 570. Section 5, Article X, of the Constitution of Ohio, provides: "No money shall be drawn from any county or township treasury, except by authority of law."

It may be urged that the language of Section 11760, General Code, authorizes garnishment in the instant case by virtue of the words "money, goods, or effects * * * in the possession of any person, or body politic or corporate * * *." The county is not a "body politic." *Board of County*

*Commrs. of Portage County* v. *Gates,* 83 Ohio St., 19, at page 30, 93 N. E., 255, 259:

"Now, a county is not a body corporate, but rather a subordinate political division, an instrumentality of government, clothed with such powers and such only as are given by statute, and liable to such extent and such only as the statutes prescribe."

"A body politic * * * is a social compact by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good." *Munn* v. *Illinois,* 94 U. S., 113, 124, 24 L. Ed., 77.

Aside from this, there is no showing anywhere in the record that an execution was issued to the sheriff of Hamilton county and returned unsatisfied; nor does the record show any order upon the judgment debtor to appear for examination. The orders of the court were to the county officers, and though served on the defendant in error, the judgment debtor, were not orders directed to him. These matters are all provided for and required by Section 11768, General Code.

Section 11769, General Code, provides:

"After * * * execution against property, and on proof by the affidavit of the judgment creditor, or otherwise, to the satisfaction of the court * * * that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such court or judge, by order, may require the debtor to appear at a time and place * * * to answer concerning it."

These provisions were not followed in the instant case.

Section 11772, General Code, provides:

"After the return of an execution  *  *  *  and upon proof in writing  *  *  *  that a person or corporation has property of such judgment debtor, or is indebted to him, the judge, by an order, may require such person or corporation  *  *  *  to appear at a specified time and place, in the county wherein such person or corporation is served with the order, and answer concerning it."

The provisions of this section were not followed.

Section 11773, General Code, provides that an order of attachment may issue before execution, if any of *the grounds of attachment,* as provided by law, exist.

It is sufficient to say that the record discloses no such grounds as set forth in Section 11819, General Code, and hence this statute was inapplicable to the facts. The exemption as provided in General Code Section 11781 is the one applicable to proceedings in aid of execution, and provides for an exemption of 90 per cent. of wages and salary against claims not for work and labor or necessaries; and an exemption of 80 per cent. in case of work and labor or necessaries furnished the debtor.

However, as there was no record of an execution levied, and the attachment could not, under the law, issue against the county, and as the auditor was not the custodian of any property of the debtor, and as there was a complete failure to follow the provisions of the statute, the judgment of the court below will be reversed, set aside, and held for naught. And this court coming now to enter the judgment which the court below should have rendered dismisses the proceedings in aid of execution, and orders that the

$15 paid by the auditor of Hamilton county to the clerk of courts be returned by said clerk.

*Judgment reversed and judgment for defendant in error.*

CUSHING, P. J., and HAMILTON, J., concur.