BAZZOLI v LARSON

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided April 14, 1931

Messrs. Seikel, Hill & Seikel, Dover, for plaintiff in error.

Mr. P. S. Olmstead, New Philadelphia, for defendant in error.

SHERICK, PJ.

But two questions are presented for the court's determination, the first of which is whether the sustaining of the motion by the common pleas court discharging the garnishee proceedings on appeal is a final order from which error may be presented to this court.

We are not concerned with the answer to this question as made before the amendment of the State Constitution in 1912. Prior thereto, it was a matter of statute, but it is now provided in §6 of **Article IV of the Constitution** that this court has jurisdiction to review any final judgment or order of the court of common pleas.

This court has no hesitancy in adhering to the rule announced by the first and ninth districts in **Pennington v. Republic Motor Truck Co., 7 Oh Ap, 227,** and **Farrell v. Brazee, 9 Oh Ap, 218,** that an order of the court of common pleas discharging an attachment on an appeal from the justice's court is one affecting the substantial rights of a party, and a final order within the meaning of the constitutional amendment. When one is deprived by an order

of court of a remedy which he would otherwise possess, he is deprived of a substantial right, and the finality thereof does not seem open to question. If the attached property is unlawfully released, a judgment thereafter rendered would in most instances be valueless, and the ancillary remedy of attachment as provided by statute is for the express purpose of preserving an attaching creditor's substantial right, and his claim recoverable, if finally proven, out of the attached property; and to debar him of this right surely is a final order.

The second question presented leads us to a consideration of the affidavit for attachment filed in this case. It is disclosed that "Tuscarawas County" is named therein as the garnishee. It further appears from the constable's return on the summons and order of attachment and notice to garnishee that it was served upon the auditor of that county. Now the defendant by his motion raises purely a question of law; that is, are county funds subject to garnishee proceedings? In other words, the question presented may be thus stated: Can a county or one of its officers be named as garnishee, in an action by a creditor as against his debtor, of funds in its hands or under the control of one of its officers, and it or he be compelled to answer to the claimant or judgment creditor for money due from the county to the debtor?

It is held in **State, ex rel. Godfrey, v. O'Brien, 95 Oh St, 166,** 115 N. E., 25, that counties are subdivisions and agencies of the state, and are constituent parts of the plan of permanent organization of state government, and are so constituted by the State Constitution. This being true, it must preclude the idea that a county is a body politic, corporation, or **quasi** corporation, as advanced by the plaintiff. See, also, **County Commrs. of Portage County v. Gates, 83 Oh St, 19, 30,** 93 N. E., 255.

The right to garnishee the funds in question is based on the wording of **§10265 GC,** and it is claimed that this section pertaining to practice in justice courts is aided by its companion statute, that is **§11829 GC,** which has to do with like practice in courts of common pleas. The section applicable to justice court practice, **§10265,** does not provide that a county or its fiscal officer may be garnisheed. **Sec 11829** provides, in part:

"The service of process of garnishment upon the sheriff, coroner, clerk, constable, master commissioner, marshal of a municipal corporation, or other officer having in his possession any money, claim, or other property of the defendant, or in which the defendant has an interest, shall bind it from the time of service."

It will be noted that the county, its auditor and treasurer, and the county commissioners, are not named therein, and that those named seldom hold in their possession county funds for any length of time, but those are named who by summary process occasionally obtain possession of the funds of another, which they quickly pay into the county treasury if due to the county, or return to the individual, if it be his property. We are of opinion that the Legislature intentionally excluded from this section the county and its financial officials, and we do not think the words "or other officer" refer to the county auditor or treasurer, but rather to other municipal officers. Nor do we think, as suggested by plaintiff that **§2408,** which prescribes in what instances a county may sue or be sued, can in any way aid the plaintiff's claim.

In the case of **Orlopp v. Schueller, 72 Oh St, 41,** at page 58, 73 N. E., 1012, 1014, 106 Am. St. Rep., 583, 2 Ann. Cas., 919, the court remarks, in speaking of Revised Statutes, **§5531,** now **§11829 GC:** "it undertakes only as stated in its title, to define the effect of service of the process of garnishment upon public officers."

**Section 5 of Article X of the Ohio Constitution** provides: "No money shall be drawn from any county or township treasury, except by authority of law." We have made diligent search of the statutes and find no provision that warrants a garnishment of funds in a county's treasury, and we know of no provision of law that countenances the payment of money therefrom on the order of a justice of the peace. It hardly seems necessary to state that garnishee proceedings are purely a right created by statute, and there being no statute warranting such garnishment, there is no right or authority for so doing. And the constitutional provision noted is in fact an express prohibition of such a practice.

The claim sued upon in this instance was for work and labor upon a public contract, and it appeals to us that the Legislature in the enactment of **§2365-1 to 2365-3,** inclusive, made an attempt to and did thereby provide a way whereby one who performed labor or furnished material on public work might be protected; and we believe that the General Assembly in the enactment of these statutes had in mind not only the thought of protecting a laborer and materialman, but also the thought of thereby relieving the county auditor

from interference in his official duty by demands made upon him to withhold funds from a public contractor. At least it may be said that a way has been perfected for the laborer's protection, of which he may take advantage.

It is held in **Southern Ohio Finance Corp. v. Wahl, Jr., 34 Oh Ap, 518,** 171 N. E., 369, that a county auditor is not a proper garnishee in a proceeding in aid of execution, and that a county is not subject to attachment in such a proceeding. We are of the view that a proceeding in aid of execution, which is in fact a garnishment after judgment, is very similar to a garnishee process, and that the reason advanced in the **Wahl case** is pertinent in the instant action.

It is stated in 12 Ruling Case Law, page 842, that

"In the absence of express statutory provision clearly evincing the intention to grant the use of the process of garnishment against counties, public policy forbids that they should be subjected to the process. The statutes in force in some states, however, permit the garnishment of counties. But this is not authorized by a statute permitting the garnishment of persons, corporations, bodies politic and corporate, * *. A judgment against a county as garnishee has been declared void in jurisdictions which deny the right to charge a county as garnishee. Furthermore, a county cannot waive its exemption from garnishment. If such a waiver is made, it must be by the defendant in the garnishment proceedings whose interest and right are involved."

The court in National Radiator Co. v. Hobday, 17 C. C. (N. S.), 489, at page 490 (32 C. D., 244), in speaking of the statute upon which the plaintiff relies, says "But this provision has been generally construed as not applying to public officials, and this is upon a theory of public policy requiring that the course of legal proceedings, and the duties of public officers, shall not be interfered with so as to protract litigation, produce conflict of jurisdiction, or otherwise embarrass the public business, unless the general assembly, by law, unequivocally provides that it may be done."

For the reasons advanced the judgment of the court of common pleas is affirmed, and the clerk is ordered to transmit the judgment and original papers to the justice of the peace before whom this action was commenced.

LEMERT and MONTGOMERY, JJ, concur.