[Cite as *Wiegand v. Fabrizi Trucking & Paving*, 2019-Ohio-2615.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LOU ANN WIEGAND

    Appellant

    v.

FABRIZI TRUCKING & PAVING CO.
INC.

    Appellee

C.A. No.     18CA011406

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CJ102658

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

---

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Lou Ann Wiegand, appeals the judgment of the Lorain County Court of Common Pleas directing the disbursement of funds to Defendant-Appellee, Fabrizi Trucking & Paving Co., Inc. ("Fabrizi").

I.

{¶2} On October 5, 2015, the Medina County Court of Common Pleas entered a judgment in Ms. Wiegand's favor and against Fabrizi in the amount of $60,601.90. The Medina County Court of Common Pleas subsequently denied Ms. Wiegand's motion for a new trial and Ms. Wiegand appealed. This Court affirmed. *See Wiegand v. Fabrizi Trucking & Paving Co., Inc.*, 9th Dist. Medina No. 16CA0015-M, 2017-Ohio-363, *appeal not accepted*, 151 Ohio St.3d 1425, 2017-Ohio-8371.

{¶3} On January 8, 2018, approximately two months after the Supreme Court of Ohio declined jurisdiction of Ms. Wiegand's appeal, she filed a certificate of judgment with the clerk

of Lorain County Court of Common Pleas, which was issued by the Medina County court in the underlying matter. The certificate of judgment stated, in part, that Ms. Wiegand was granted judgment against Fabrizi in the amount of $60,201.90 plus 3% interest from October 5, 2015.

{¶4} On February 26, 2018, Ms. Wiegand filed a motion for order of garnishment of property other than personal earnings and an affidavit for garnishment of property other than personal earnings in the Lorain County Court of Common Pleas, initiating the present matter. The trial court thereafter issued an order and notice of garnishment to the garnishee, Westfield Bank, FSB, ordering the bank to complete and return the answer of garnishee to the clerk of the Lorain County Court of Common Pleas together with the probable amount then due on the judgment of $64,759.54. The trial court also scheduled a hearing as required by R.C. 2716.13(A). On March 1, 2018, pursuant to R.C. 2716.13, the clerk sent by certified mail, two copies of the notice to the judgment debtor form and two requests for hearing forms.

{¶5} On March 14, 2018, Westfield Bank returned its answer of garnishee together with $64,759.54 then belonging to Fabrizi. On March 20, 2018, Fabrizi filed a response to the garnishment order. Fabrizi did not contest the sum due on the underlying judgment, but argued that it had previously tendered payment in full to Ms. Wiegand's counsel and that Ms. Wiegand's counsel had rejected the payment. Therefore, Fabrizi argued, interest should have terminated upon the attempted tendering of the judgment amount. Ms. Wiegand replied to Fabrizi's response on April 9, 2018, arguing that the attempted tender of payment was rejected because the matter was still pending appeal and the tender was conditional and thus, the interest never stopped accruing.

{¶6} On March 22, 2018, Fabrizi filed a motion for interpleader pursuant to Civ.R. 22 requesting the court allow Fabrizi's insurer to deposit funds in the total amount due in the

underlying judgment and to refund the garnished funds to Fabrizi's account at Westfield Bank. Ms. Wiegand opposed the motion for interpleader and requested an order directing the clerk to disburse the garnished funds on March 28, 2018.

{¶7} The lower court scheduled an oral hearing on June 15, 2018, to consider Ms. Wiegand's request for an order releasing funds and Fabrizi's motion for interpleader. On June 22, 2018, Fabrizi filed a motion disputing the amount of interest due on the underlying judgment. The court thereafter issued an order on June 29, 2018, noting that Fabrizi had withdrawn its motion for interpleader during the hearing and directing the disbursement of funds. The court ordered the clerk to return $4,323.54 to Fabrizi and to pay Ms. Wiegand the balance of $60,201.00 after the deduction of poundage.

{¶8} On July 2, 2018, Ms. Wiegand filed a response to Fabrizi's motion disputing the amount of interest and stating that Ms. Wiegand's counsel had not been served with the motion disputing the interest due. The trial court vacated its previous order directing the clerk to disburse funds. Fabrizi thereafter filed a reply brief to Ms. Wiegand's response.

{¶9} On August 8, 2018, the trial court again issued an order directing the disbursement of funds, ordering the clerk to return $4,323.54 to Fabrizi and to pay Ms. Wiegand the balance of $60,201.00 after the deduction of poundage. Neither the August 8, 2018 order nor the prior order disbursing funds contained any findings of fact or conclusions of law regarding the issue of postjudgment interest. Additionally, no transcript of the hearing was made a part of the record on appeal.

{¶10} Ms. Wiegand filed this timely appeal raising one assignment of error for our review.

II.

**Assignment of Error**

**The lower court erred as a matter of law when it ordered the disbursement of the $4,558.54 to Fabrizi Trucking & Paving Co., Inc. that had been garnished pursuant to R.C. 2716.13.**

**{¶11}** In her sole assignment of error, Ms. Wiegand argues that the trial court erred as a matter of law when it ordered the clerk to return the garnished $4,558.54 in postjudgment interest to Fabrizi. Specifically, Ms. Wiegand argues that she is entitled to postjudgment interest by statute, Fabrizi never requested a hearing pursuant to R.C. 2716.13(C)(2), and finally that Fabrizi did not produce any evidence that it made an unconditional tender of payment to Ms. Wiegand. We do not reach the merits of Ms. Wiegand's assignment of error, however, because we determine that the lower court did not have jurisdiction to modify the underlying judgment.

**{¶12}** In this case, Ms. Wiegand sought a nonwage garnishment of Fabrizi pursuant to R.C. Chapter 2716. "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955); *Bazzoli v. Larson*, 40 Ohio App. 321 (5th Dist.1931); *Southern Ohio Fin. Corp. v. Wahl*, 34 Ohio App. 518 (1st Dist.1929). R.C. 2716.01(B) states that

> A person who obtains a judgment against another person may garnish the property, other than personal earnings, of the person against whom judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained, only through a proceeding in garnishment *and only in accordance with this chapter*.

(Emphasis added.)

{¶13} Pursuant to R.C. 2716.13(C)(2), a judgment debtor may request a hearing to dispute the judgment creditor's right to garnish property other than personal earnings. However, such a hearing is limited by statute "to a consideration of the amount of money, property, or credits, other than personal earnings, of the judgment debtor in the hands of the garnishee, if any, that can be used to satisfy all or part of the debt owed by the judgment debtor to the judgment creditor." *Id.* "No objection to the judgment itself can be heard or considered at the hearing." *Leonard v. Delphia Consulting, LLC*, 10th Dist. Franklin No. 06AP-874, 2007-Ohio-1846, ¶ 24, citing R.C. 2716.13. Thus, "[t]he judgment debtor may not use garnishment proceedings to relitigate the underlying debt." *E. Liverpool v. Buckeye Water District*, 7th Dist. Columbiana Nos. 11 CO 41, 11 CO 42, 2012-Ohio-2821, ¶ 34, citing *Rak-Ree Ents., Inc. v. Timmons*, 10th Dist. Franklin Nos. 10AP-476, 10AP-556, 2011-Ohio-1090, ¶ 16. "'[W]here a court of record has jurisdiction over the subject matter before it and renders a judgment, such judgment may not be collaterally impeached. So long as it stands unreversed, it remains conclusive as to the matter decided.'" *Id.* at ¶ 106 quoting *State ex rel. Schnieder v. Brewer*, 155 Ohio St. 203, 205 (1951).

{¶14} Therefore, we conclude that the trial court was without statutory authority to modify the underlying judgment in any way. Accordingly, the trial court's order excluding postjudgment interest as provided by the certificate of judgment issued by the clerk of the Medina County Court of Common Pleas is reversed and this cause is remanded for further proceedings consistent with this decision. *See Doss*, 2009-Ohio-2275 at ¶ 18.

{¶15} Ms. Wiegand's sole assignment of error is sustained.

## III.

{¶16} The sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

JOHN R. CHRISTIE, Attorney at Law, for Appellee.