[Cite as *Berns Custom Homes, Inc. v. Johnson*, 2019-Ohio-3890.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| BERNS CUSTOM HOMES, INC. | : | |
| Plaintiff-Appellee, | : | No. 107943 |
| v. | : | |
| RICHARD G. JOHNSON, | : | |
| Defendant. | | |

[Appeal by Kehoe & Associates, L.L.C., and Elizabeth G. Johnson]

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. GR-17-010295

---

### *Appearances:*

Weltman, Weinberg, & Reis Co., L.P.A., Robert B. Weltman, and Daniel A. Friedlander, *for appellee.*

Kehoe & Associates, L.L.C., Robert D. Kehoe, and Lauren N. Orrico, *for appellants.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellants Kehoe and Associates, L.L.C., and Elizabeth Johnson both claim that defendant Richard Johnson ("Johnson") owes them money. To collect

these alleged debts, Kehoe and Ms. Johnson, both represented by Kehoe, sought to intervene in a wage garnishment action brought by plaintiff-appellee Berns Custom Homes, Inc. In this action, Berns is attempting to collect a more than three-and-a-half year old judgment from Johnson, who is also represented by Kehoe. The trial court found that Kehoe and Ms. Johnson did not have an interest in Johnson's wages that justified intervention and denied their motions. We agree and affirm the court's decision.

**Relevant Background Facts**

{¶ 2} As stated, Johnson is Kehoe's client. Beyond this present case, Kehoe has elsewhere represented Johnson and has for several years. Kehoe claims Johnson owes nearly $300,000 in unpaid attorney fees.

{¶ 3} Johnson is also Ms. Johnson's son. She claims Johnson owes her almost $675,000 because she loaned him money for home renovations.

{¶ 4} Kehoe and Ms. Johnson argue that they should be able to intervene into Berns' garnishment action, claiming they have a superior interest in Johnson's personal earnings.

{¶ 5} This court has previously confirmed Berns' judgment against Johnson. *See Berns Custom Homes, Inc. v. Johnson*, 8th Dist. Cuyahoga Nos. 100837 and 101014, 2014-Ohio-3918 (finding the trial court properly reduced arbitration award to judgment). Although more thoroughly discussed in that decision, the root issue in that case was a dispute arising from a 2010 home renovation contract between Johnson and Berns. Under the contract, Berns was to

renovate Johnson's home. The work progressed, although not as quickly as Johnson expected. Johnson claimed Berns breached the contract and in 2012 arbitration ensued. The arbitrator disagreed with Johnson and instead found that Johnson was the breaching party. In so doing, the arbitrator awarded Berns over $160,000 in damages plus administrative fees and expenses. In 2013, Berns obtained a court order reducing the arbitrator's award to judgment. Although we found the judgment against Johnson was proper in 2014, Berns has not been able to collect it. To that end, in 2017, Berns brought this wage garnishment action into which Kehoe and Ms. Johnson wish to intervene. The trial court denied their motions and found "there [was] not good cause" to allow Kehoe and Ms. Johnson to intervene.

{¶ 6} On appeal, Kehoe and Ms. Johnson raise two assignments of error:

1. The trial court erred in denying proposed intervenor Elizabeth G. Johnson's Motion to Intervene.

2. The trial court erred in denying proposed intervenor Kehoe & Associates, L.L.C.'s Motion to Intervene.

Both assignments of error involve the same analysis and both fail for the same reason. We therefore address and dispose of them together.

**Law and Analysis**

**Intervention**

{¶ 7} Civ.R. 24 permits a party to intervene in a lawsuit to which it was not already a party. Civ.R. 24(A) addresses intervention of right:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the

applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 8} Civ.R. 24(B) addresses permissive intervention:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

{¶ 9} Although Kehoe and Ms. Johnson claimed that intervention was appropriate "under both" Civ.R. 24(A) and (B), on appeal they appear to frame their arguments in terms of Civ.R. 24(A)(2) to the extent they argue that their "interests will be impaired if they cannot assert them in the garnishment action and the interests of the parties are adverse" to them.

{¶ 10} This court reviews a trial court's denial of a motion to intervene under an abuse of discretion standard. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. An "abuse of discretion" requires more than an error in law or in judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A court abuses its discretion where it acts unreasonably, arbitrarily or unconscionably. *Id.*

**Wage Garnishment**

{¶ 11} The underlying case is a wage garnishment action brought by Berns pursuant to R.C. Chapter 2716 in order to collect a judgment from Johnson. "Garnishment is an action in law 'by which a creditor seeks satisfaction of the indebtedness out of an obligation due the debtor from a third person, the

garnishee.'"  *In re Estate of Mason*, 109 Ohio St.3d 532, 2006-Ohio-3256, 849 N.E.2d 998, ¶ 18, quoting *Union Properties, Inc. v. Patterson*, 143 Ohio St. 192, 195, 54 N.E.2d 668 (1944).  "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes."  *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, 919 N.E.2d 219, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606, 128 N.E.2d 16 (1955).

{¶ 12}  R.C. 2716.01(A) provides for garnishment of personal earnings:

> A person who obtains a judgment against another person may garnish the personal earnings of the person against whom judgment was obtained only through a proceeding in garnishment of personal earnings and only in accordance with this chapter.

*See also WesBanco Bank, Inc. v. Ettayem*, 10th Dist. Franklin Nos. 14AP-452 and 14AP-455, 2015-Ohio-1230, ¶ 11, citing R.C. 2716.01(A) ("If the obligation at issue is for payment of personal earnings, a judgment creditor's sole remedy is garnishment.").

{¶ 13}  R.C. 2716.02 and 2716.03 outline the procedure by which a judgment creditor may seek to garnish a debtor's wages.  *Complete Credit Solutions, Inc. v. Kellam*, 1st Dist. Hamilton No. C-130216, 2013-Ohio-5324, ¶ 8.  These statutes make clear that a party seeking to garnish a debtor's personal earnings must first obtain a judgment against that person.  *See* R.C. 2716.02(A) ("Any person seeking an order of garnishment of personal earnings, after obtaining a judgment, shall make the following demand * * *."); *see* R.C. 2716.03(A) ("[A] proceeding in garnishment of

personal earnings may be commenced after a judgment has been obtained by a judgment creditor * * *."); *accord* R.C. 2715.01(C) ("An attachment against the personal earnings of a defendant may be granted only after a judgment has been obtained by the plaintiff and only through a proceeding for garnishment of personal earnings in accordance with Chapter 2716 of the Revised Code.").

{¶ 14} Kehoe and Ms. Johnson concede that neither obtained a judgment against Johnson. As such, they admit that they are not judgment creditors. Without a judgment against Johnson, both Kehoe and Ms. Johnson are statutorily ineligible to garnish his personal earnings. *See* R.C. 2716.01(A). Accordingly, the trial court committed no error in denying the motions to intervene. We overrule the assignments of error.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR