**[Cite as *Univ. of Akron v. Rushin*, 2020-Ohio-3268.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

UNIVERSITY OF AKRON

    Appellant

v.

FELISHA S. RUSHIN

    Appellee

C.A. No.     29467

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    18 CVF 05396

DECISION AND JOURNAL ENTRY

Dated: June 10, 2020

TEODOSIO, Judge.

{¶1} The University of Akron appeals the judgment of the Akron Municipal Court. We reverse and remand.

I.

{¶2} In 2018, the University of Akron filed a complaint against Felisha S. Rushin alleging money due on account and unjust enrichment for tuition and other educational services rendered. Upon the plaintiff's motion, default judgment was granted in favor of the University of Akron and against Ms. Rushin in August 2018. In September 2018, a letter from Ms. Rushin was filed stating:

> I Felisha Rushin [am] disputing this debt. To my understanding it's not a student loan and has been included and discharged in my bankruptcy. Please review [the] enclosed documents and my response and notify me of my rights and obligations.

Attached were certain bankruptcy documents, including an order of discharge. No responsive briefs or entries followed.

**{¶3}** The University of Akron subsequently initiated garnishment proceedings on its judgment and filed an affidavit, order and notice of garnishment. After a garnishment hearing was subsequently held, an entry by the trial court followed, indicating that no funds were currently being held.

**{¶4}** In December 2018, Ms. Rushin filed a motion for release of garnishment, again indicating that she believed the debt had been discharged in bankruptcy. A second garnishment hearing was held in March 2019, with the University of Akron filing an affidavit in lieu of appearance. The subsequent magistrate's decision of April 15, 2019, stated that the hearing was "at the request of the Defendant as provided for by [R.C.] 2716.13(C)(2) and [R.C.] 2716.13(B)." The decision also stated that the hearing was "limited to the consideration of the amount of wages, money, property, or credits other than wages of the Defendant in the hands of the garnishee, if any, that can be used to satisfy all or part of the debt owed to the Plaintiff and whether the funds are exempt as provided by statute * * *." The decision further determined that "A proper defense was raised that Defendant provided copy of 'order of discharge' dated 04/24/18 as well as 'certificate of notice' which indicates service was completed upon plaintiff on April 24, 2018. Plaintiff did not appear to [sic] scheduled hearing." A judgment entry was also filed on April 15, 2019, indicating that after independent review, the trial court adopted the decision of the magistrate, and further ordering that the "case be dismissed as the Plaintiff's judgment has been discharged in Bankruptcy Court."

**{¶5}** The University of Akron filed objections to the magistrate's decision regarding the determination of the discharge of the debt, which were overruled by the trial court. The trial court sustained an objection challenging the court's actual dismissal of the judgment and vacated the

dismissal as void ab initio. The University of Akron now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE AKRON MUNICIPAL COURT LACKS JURISDICTION TO DETERMINE THE DISCHARGEABILITY OF THE DEBT THAT WAS THE SUBJECT OF THE LOWER COURT ACTION AND AS SUCH, ERRED WHEN IT DETERMINED THAT THE APPELLEE'S DEBT WAS DISCHARGED. SAID ERROR WAS AN ABUSE OF DISCRETION.

{¶6} In its first assignment of error the University of Akron argues the trial court erred in determining that the debt was discharged because it lacked jurisdiction to do so.

{¶7} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St .3d 145, 147 (1992).

{¶8} "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Wiegand v. Fabrizi Trucking & Paving Co.*, 9th Dist. Lorain No. 18CA011406, 2019-Ohio-2615,

¶ 12, quoting *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955); *Bazzoli v. Larson*, 40 Ohio App. 321 (5th Dist.1931); *Southern Ohio Fin. Corp. v. Wahl*, 34 Ohio App. 518 (1st Dist.1929). R.C. 2716.01(A) provides: "A person who obtains a judgment against another person may garnish the personal earnings of the person against whom judgment was obtained only through a proceeding in garnishment of personal earnings and only in accordance with this chapter." R.C. 2716.06 governs service of notice to the judgment debtor of the garnishment order, and it sets forth a sample form entitled, "Notice to the Judgment Debtor." The form provides in part, "If you dispute the judgment creditor's right to garnish your personal earnings and believe that you are entitled to possession of the personal earnings because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form, appearing below, or in a substantially similar form, and delivering the request for hearing to this court * * *." The form further provides, "NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. The hearing will be limited to a consideration of the amount of your personal earnings, if any, that can be used in satisfaction of the judgment you owe to the judgment creditor." R.C. 2716.06(C) further provides, "The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

{¶9} "The hearing contemplated by the statute is not a vehicle for relitigating the lawsuit which resulted in the original judgment." *Scumacher v. Stacey*, 9th Dist. Summit No. 11936, 1985 WL 10816, *2 (May 8, 1985). Rather, R.C. 2716.06 merely gives the trial court authority to determine the amount of wages, if any, that can be used for satisfaction of the debt. *Id. See also*

*Merchants Acceptance, Inc. v. Bucholz*, 2d Dist. Montgomery No. 24425, 2011-Ohio-5556, ¶ 33 (holding that at a garnishment hearing a trial court lacks jurisdiction as a matter of law to vacate the underlying judgment and is limited by the clear language of R.C. 2716.06 to considering the amount of personal earnings that can be used in satisfaction of the debt). "No objection to the judgment itself can be heard or considered at the hearing." *Wiegand* at ¶ 13, quoting *Leonard v. Delphia Consulting, LLC*, 10th Dist. Franklin No. 06AP-874, 2007-Ohio-1846, ¶ 24. "Thus, '[t]he judgment debtor may not use garnishment proceedings to relitigate the underlying debt.'" *Id.*, quoting *E. Liverpool v. Buckeye Water Dist.*, 7th Dist. Columbiana Nos. 11 CO 41 and 11 CO 42, 2012-Ohio-2821, ¶ 34.

{¶10} The trial court in this matter granted default judgment on the underlying debt, and the debt remained unchallenged and undisturbed prior to garnishment proceedings. Because of the statutory limitations as to what the trial court may consider during a garnishment hearing, the trial court was without authority at that stage to determine that the underlying debt had been discharged.

{¶11} The University of Akron's first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE AKRON MUNICIPAL COURT, IN DEEMING THE UNDERLYING DEBT DISCHARGED[,] EXCEEDED THE JURISDICTION CONFERRED UPON IT AND LIMITED BY [R.C.] 2716.06, BY HEARING, CONSIDERING AND MOVING ON AN OBJECTION TO THE UNDERLYING JUDGMENT ITSELF.

ASSIGNMENT OF ERROR THREE

THE AKRON MUNICIPAL COURT INCORRECTLY DETERMINED THE UNDERLYING DEBT TO BE DISCHARGED IN APPELLEE'S BANKRUPTCY.

{¶12} Having sustained the University of Akron's first assignment of error, we decline to review the remaining assignments of error. *See* App.R. 12(A)(1)(c).

III.

{¶13} The University of Akron's first assignment of error is sustained. We decline to address the second and third assignments of error. The judgment of the Akron Municipal Court is reversed and remanded.

Judgment reversed
and remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SUSAN KRASNICKI, Attorney at Law, for Appellant.

FELISHA S. RUSHIN, pro se, Appellee.