[Cite as *Complete Credit Solutions, Inc. v. Kellam*, 2013-Ohio-5324.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| COMPLETE CREDIT SOLUTIONS, INC., | : | APPEAL NO. C-130216 |
| | | TRIAL NO. 06CV-02821 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| TONI KELLAM, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 6, 2013

*Immerman & Tobin Co., L.P.A.*, and *Cliff G. Linn*, for Plaintiff-Appellant,

*Law Offices of Harold Cleveland L.L.C.* and *Harold Cleveland* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant Complete Credit Solutions, Inc., ("CCS") appeals the judgment of the trial court entering a satisfaction of judgment in a garnishment proceeding in favor of defendant-appellee Toni Kellam. Because we determine that the trial court erred in finding that an accord and satisfaction had taken place between the parties, we must reverse the judgment of the trial court.

{¶2} CCS filed a complaint against Kellam in January 2006, alleging that Kellam had defaulted on a credit-card account held by CCS, and that Kellam owed CCS $3,472.26 plus 22 percent interest. CCS received a default judgment against Kellam in March 2006 for $9,750.87. In September 2010, CCS initiated garnishment proceedings against the University of Cincinnati ("UC"), Kellam's employer. CCS filed an affidavit and notice of wage garnishment, which provided that the total probable amount due to CCS was $7,170.74. In January 2011, CCS filed a second affidavit and notice of garnishment, providing that the total probable amount due was $7,518.99.

{¶3} UC began garnishing Kellam's wages. In October 2012, UC stopped garnishing Kellam's wages because the total probable amount due as listed in the second notice of garnishment by CCS—$7,518.99—had been paid. Subsequently, in November 2012, CCS filed a third affidavit and notice of garnishment stating that CCS had received $7,518.99 as a result of the garnishment, but that $3,824.19 remained due and owing on the judgment.

{¶4} Kellam requested a hearing after CCS filed its third notice of garnishment. A magistrate conducted the hearing, in which Kellam objected to further wage garnishment. CCS argued that the first two notices of garnishment

2

contained bookkeeping errors, but that the third notice of garnishment correctly listed the remaining amount due and owing on the judgment. Kellam argued that she had paid the total probable amount due as listed on the second notice of garnishment, and that she should not be penalized for CCS's bookkeeping error.

{¶5} The magistrate agreed with Kellam and ordered that the parties file a satisfaction of judgment. The magistrate issued findings of fact and conclusions of law, which stated that CCS had made a mistake that it could have avoided, and once Kellam had paid the balance listed in the second affidavit and notice of garnishment, an accord and satisfaction had taken place. The magistrate found that CCS could not now seek relief from its unilateral mistake.

{¶6} CCS filed objections to the magistrate's decision. CCS argued in part that the magistrate had improperly dismissed the garnishment and had improperly ordered a satisfaction of judgment. The trial court overruled CCS's objections and ordered a release of garnishment in favor of Kellam. CCS now appeals.

{¶7} In a single assignment of error, CCS argues that the trial court erred in granting Kellam relief from the order of garnishment and in entering a satisfaction of judgment.

{¶8} R.C. Chapter 2716 allows a creditor to garnish personal earnings and other property of a debtor in the possession of a third party, a garnishee. R.C. 2716.01(A) and (B). R.C. 2716.02 and 2716.03 provide the procedure for instituting a garnishment proceeding of personal earnings and securing an order of garnishment.

{¶9} Once the court issues an order of garnishment of personal earnings, the order is continuous, and a garnishee must withhold a certain amount each pay period until the judgment, interest, and costs have been paid. R.C. 2716.041(B). An

3

order of garnishment must state the "total probable amount due on the judgment[,]" which must state an unpaid portion of the underlying judgment, interest, and costs. *Id.*

{¶10} A creditor must also file affidavits of the current balance due on the garnishment order on an annual basis. R.C. 2716.031(A). A debtor can request a hearing to dispute the creditor's calculation of the current balance due. R.C. 2716.031(F).

{¶11} A continuous order of garnishment remains in effect until one of six events occurs, whichever of those events occurs first. R.C. 2716.041(C)(1)(a)-(f). One of those events terminating the continuous order occurs when "[t]he total probable amount due on the judgment [as described in the order of garnishment] is paid in full to the judgment creditor * * *." R.C. 2716.041(C)(1)(a).

{¶12} Because the "total probable" amount due on the judgment as described in the 2011 notice and affidavit of garnishment was paid in full by the garnishee, UC, the continuing order of garnishment ceased to be in effect under R.C. 2716.041(C)(1)(a). Therefore, we overrule CCS's assignment of error, in part, because the trial court properly relieved Kellam from the order of garnishment.

{¶13} CCS also argues, however, that the trial court exceeded its authority in entering a satisfaction of judgment. We agree. The trial court concluded that the judgment had been satisfied under the doctrine of accord and satisfaction. Accord and satisfaction is a common-law affirmative defense, and requires proof of a mutual agreement by competent parties to settle a claim for less than the original debt, performance of that agreement, and consideration. *State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes*, 7 Ohio St.3d 7, 8, 455 N.E.2d 489 (1983). In general,

a debtor raising the defense of accord and satisfaction must show the existence of a good-faith dispute between the parties as to the underlying debt, and that the creditor had reasonable notice that the debtor's payment was in full satisfaction of the debt. *See Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 232, 611 N.E.2d 794 (1993). If no good-faith dispute exists as to the underlying debt, then additional consideration must be furnished for an accord to exist. *See, e.g., Citibank (South Dakota), N. Am. v. Perz*, 191 Ohio App.3d 575, 2010-Ohio-5890, 947 N.E.2d 191, ¶ 45 (6th Dist.) (payment by the debtor of less than an amount due and foregoing bankruptcy can constitute consideration for an accord and satisfaction).

{¶14} In reaching the conclusion that the judgment had been satisfied, the trial court relied on *F.J. Quinn Co. v. Heard*, 10th Dist. Franklin No. 78AP-775, 1979 Ohio App. LEXIS 11244 (Aug. 14, 1979). In *Heard*, a creditor obtained a default judgment against two debtors in the amount of $1,255.27 with interest and costs. The creditor initiated a garnishment action, and the creditor's first 11 affidavits for garnishment filed within a one-year period stated interest in the amount of $73.01. Over the following two years, the creditor filed 26 affidavits, which either omitted or incorrectly computed interest. The final affidavit listed the outstanding amount due as $36.81, which the debtors then paid. The creditor realized its mistake as to interest and filed an affidavit seeking $155.47, representing the interest accrued after the first year. The trial court entered judgment for the creditor for $155.47 and the debtors appealed, arguing that the trial court erred in failing to find that the judgment had been satisfied. *Id.* at *1-2.

{¶15} In reversing the trial court, the *Heard* court reasoned that an accord had been reached by the debtors and creditor based upon the affidavits of

5

garnishment, and that the debtors had satisfied that agreement by paying the amount listed in the affidavit. The court rejected the creditor's argument that no agreement had been reached to discharge the debt because the creditor had miscalculated the interest. The court determined that the creditor could not seek relief from its mistake where the debtors had acted reasonably under the circumstances, and no evidence existed to show that the debtors should have known of the creditor's mistake. *Id.* at *3-4. The court further reasoned that "it cannot be argued that [the debtors] took advantage of [the creditor's] mistake, but, rather, that neither party apparently realized the mistake until after the cause of action was satisfied." *Id.* at *5.

{¶16} We do not find the analysis in *Heard* regarding accord and satisfaction persuasive. In *Heard*, no good-faith dispute existed as to the amount the debtors owed to the creditor. Nor did the debtors dispute the creditor's corrected calculation of interest, acknowledging that the prior affidavits filed by the creditor had mistakenly omitted interest otherwise due and owing. Finally, the debtors did not furnish additional consideration for the accord and satisfaction. *See Allen*, 66 Ohio St.3d at 232, 611 N.E.2d 794.

{¶17} The record in the instant case does not support the existence of an accord and satisfaction between Kellam and CCS. CCS's first two affidavits listed the total probable amount due as $7,170.74 and $7,518.99, respectively. Both amounts were substantially less than CCS's original judgment for $9,750.87, which would not even include postjudgment interest. Kellam does not dispute the underlying judgment, nor does she produce additional consideration for the alleged agreement by CCS to accept $2,231.88 less than the original judgment in full satisfaction of her

debt. Therefore, we conclude that the trial court erred in determining that an accord and satisfaction existed between CCS and Kellam.

{¶18} In conclusion, we sustain CCS's assignment of error to the extent that we determine that the trial court erred in entering a satisfaction of judgment. We affirm the portion of the trial court's judgment relieving Kellam from the order of garnishment, but we reverse the portion of the trial court's judgment entering a satisfaction of judgment, and we remand this cause for further proceedings consistent with this opinion and the law.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.