CITY OF COLUMBUS, Division of Income Tax, Appellee,

v.

CAPITAL DATA SYSTEMS, INC., Appellee; Jones, Appellant.

[Cite as *Columbus Div. of Income Tax v. Capital Data Sys., Inc.*, 186 Ohio App.3d 775, 2010-Ohio-1026.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–882.

Decided March 16, 2010.

James E. Chapman, for appellee.

Mark Dent, for appellant.

FRENCH, Judge.

{¶ 1} Defendant-appellant, Robin A. Jones ("appellant"), appeals the judgment of the Franklin County Municipal Court, which adopted a magistrate's decision to deny her motion to compel plaintiff-appellee, the city of Columbus, Division of Income Tax (the "city"), to return garnished money. For the following reasons, we affirm.

{¶ 2} The trial court awarded the city a judgment against appellant and her former corporation, defendant-appellee, Capital Data Systems, Inc. The court also ordered a series of garnishments against appellant's personal bank account. The garnishments occurred in September and October 2008, and she filed a motion to compel the return of the garnished money. She claimed that she had not received notice of the garnishment orders and that $7,800 of the garnished money was not her property. She contended that Honda of America Manufacturing, Inc. ("Honda") donated this money for her nonprofit organization, NBBJ Training Academy, Inc. ("NBBJ"), and that the money was inadvertently deposited into her personal account rather than NBBJ's account.

{¶ 3} The court referred the matter to a magistrate. After a hearing, the magistrate denied appellant's motion. He concluded that the lack of notice on the garnishment orders did not prejudice appellant because she ultimately received a hearing to address her disputes. He also concluded that the $7,800 she claimed belonged to NBBJ was subject to garnishment because it was "held for" her benefit and that "there is no distinction between what constitutes her property and the property of NBBJ" because she admitted that she used NBBJ's funds for personal expenses. Appellant objected to these conclusions, but the court overruled the objections and adopted the magistrate's decision.

{¶ 4} Appellant appeals, raising the following assignments of error:

First Assignment of Error:

{¶ 5} "The trial judge erred as a matter of law when finding a showing of prejudice is required to establishing a violation of due process."

Second Assignment of Error:

{¶ 6} "The trial judge erred as a matter of law when finding that a $7,800 check given to NBBJ was 'Held for the benefit of the defendant.'"

{¶ 7} We address appellant's two assignments of error together. In these assignments, she argues that we must reverse the trial court's judgment that overruled her objections to the magistrate's decision and adopted that decision to deny her motion to compel the return of garnished money. We disagree.

{¶ 8} We will not disturb the trial court's judgment adopting the magistrate's decision absent an abuse of discretion. See *Clendenen v. Fannin Realty, Inc.,* 10th Dist. No. 01AP–1295, 2002-Ohio-4548, 2002 WL 2025117, ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. On questions of law, however, our review is plenary. *Univ. Hosp., Univ. of Cincinnati College of*

*Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.

{¶ 9} Appellant first argues that the trial court erred as a matter of law by requiring a showing of prejudice from her lack of notice of the garnishment orders, pursuant to R.C. 2716.13(C), which mandates the notice in order for the debtor to have an opportunity to request a hearing. To be sure, the record does not establish that appellant was sent this notice before the September and October 2008 garnishments, but the trial court concluded that she was not prejudiced from the notice violation because she received a hearing to address her garnishment disputes. In *Smith v. Dodman* (Aug. 12, 1994), 2d Dist. No. 14483, 1994 WL 450091, the court required a showing of prejudice from an R.C. 2716.13(C) notice violation in order for the violation to preclude a garnishment. We agree with this conclusion, given that under Civ.R. 61, courts disregard defects in proceedings that constitute harmless error.

{¶ 10} Next, appellant argues that the trial court abused its discretion by adopting the magistrate's conclusion that Honda's check to NBBJ was subject to garnishment because it was "held for" her benefit. Appellant concedes that she had no right to the money issued to NBBJ. It is well established that "[a] court will not ordinarily entertain favorably a motion to discharge an attachment on the claim that the attached property does not belong to the moving party." *Rice v. Wheeling Dollar Sav. & Trust Co.* (1951), 155 Ohio St. 391, 44 O.O. 374, 99 N.E.2d 301, paragraph four of the syllabus. For instance, in *Dovi Interests, Ltd. v. Somerset Point Ltd. Partnership*, 8th Dist. No. 82788, 2004-Ohio-636, 2004 WL 254211, ¶ 17, a creditor obtained a garnishment order against a bank account of a debtor, a nursing-home operator, and the court upheld the order despite the debtor's claim that money in the account belonged to tenants. Relying on *Rice*, the court said it "is not concerned with who actually owns the property subject to garnishment as it is with who possesses it." *Dovi Interests* at ¶ 12. The court also recognized that "because the debtor does not own the property, he will not be injured by the seizure of it." Id. at ¶ 12, citing *Rice*. Likewise, in *Middletown Paint & Glass, Inc. v. Donato Constr. Co.* (May 17, 1993), 12th Dist. No. CA92–09–177, 1993 WL 156177, the court held that a debtor's allegation that money in its bank account belonged to a third party "was an insufficient basis upon which to sustain its objection to the garnishment." Accordingly, appellant's claim that some of the garnished money belonged to NBBJ did not provide a basis for the trial court to grant her motion to compel the return of that money.

{¶ 11} In the final analysis, we conclude that the trial court did not abuse its discretion by overruling appellant's objections to the magistrate's decision and adopting that decision to deny appellant's motion to compel the return of

garnished money. Consequently, we overrule appellant's first and second assignments of error and affirm the judgment of the Franklin County Municipal Court.

Judgment affirmed.

KLATT and CONNOR, JJ., concur.