[Cite as *TBF Fin., L.L.C. v. Wilkerson*, 2019-Ohio-3493.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

TBF Financial LLC,                    :

      Plaintiff-Appellant,          :

                                  No. 18AP-974

v.                                    :          (C.P.C. No. 18JG-16471)

Angela Wilkerson,                     :          (REGULAR CALENDAR)

      Defendant-Appellee.           :

---

# D E C I S I O N

## Rendered on August 29, 2019

---

**On brief:** *Burman & Robinson*, *Randal D. Robinson*, and *Carolyn M. Easterday* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1}  Plaintiff-appellant, TBF Financial LLC, appeals the judgment of the Franklin County Court of Common Pleas adopting a magistrate's decision ordering money secured by a bank garnishment to be released to defendant-appellee, Angela Wilkerson.  For the following reasons, we reverse the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  In the Franklin County Municipal Court, appellant was granted judgment against appellee jointly and severally with "Angela Wilkerson Rawlings dba Diamond Tax Service" in the amount of $2,722.66, plus interest and attorney fees.  (Feb. 15, 2018 Entry for Default Jgmt. at 1.)  Appellant certified the judgment to the Franklin County Common Pleas Court on March 29, 2018.  Both the certificate of judgment and praecipe requesting the clerk of the court of common pleas file a certificate of judgment lien state 4626 Grovedale Court in Columbus as appellee's address.

{¶ 3}   On May 10, 2018, appellant filed a non-wage garnishment of appellee's Fifth Third Bank ("Fifth Third") checking account.  The trial court set a hearing date for May 31, 2018, and the clerk of courts for the court of common pleas was instructed to make certified mail service of an "Order and Notice of Garnishment of Property Other Than Personal Earnings" to Fifth Third (the garnishee) and a "Notice to the Judgment Debtor of Garnishment" to appellee at the Grovedale Court address.  (May 10, 2018 Instruction for Service at 1.)  The docket reflects the clerk issued service of the notice to appellee on May 14, 2018.  Fifth Third answered the order and notice of garnishment, indicating it held $2,722.66 of appellee's money and then deposited $2,722.66 with the court.

{¶ 4}   On June 1, 2018, appellee filed a change of address form stating 5890 Aqua Bay Drive in Columbus as her address.  On July 3, 2018,[1] appellee filed, pro se, a motion requesting a hearing on the case.  In her motion, appellee alleged she did not receive the notice of garnishment due to "bad delivery service" and states she had no knowledge of appellant and had never done business with appellant.  (July 3, 2018 Refiled Mot. at 2.)  Appellee attached to her motion a bank statement from Fifth Third listing the Aqua Bay Drive address.  She also filed a separate "motion to be heard."  (July 3, 2018 Mot. to be Heard at 1.)

{¶ 5}   Both parties filed motions for an order to distribute the funds.  Appellee argued she never received notice of previous court proceedings and the lack of notice "disallowed [her] to properly defend [her]self against this debt allegation brought forth before this Court" and asserted she should be "allow[ed] to properly negate this matter with [appellant] that/whom [she] ha[s] no prior knowledge of until [her] funds were released by [her] bank."  (July 27, 2018 Mot. at 2.)

{¶ 6}   The trial court scheduled a hearing on the parties' motions to distribute funds on August 16, 2018 before a magistrate.  The day following the hearing, August 17, 2018, the magistrate issued a decision granting appellee's motion for an order to distribute the held funds and denying appellant's motion.  Among the findings of fact, the magistrate found:

---

[1] Appellee originally filed a motion requesting a hearing on the case on June 1, 2018, and appellant originally filed a motion for an order directing funds on June 7, 2018.  The trial court denied both original motions due to the lack of a certificate of service.

15. There was no evidence on the Docket that any document sent to 4626 Grovedale Court was ever returned; i.e., ordinary mail was not returned and there was no return of the certified mail.

16. The Docket supports a presumption that there was good service of the Notice on the Judgment Debtor.

17. However, the Judgment Debtor testified that she did not get notice of the garnishment.

18. The Judgment Debtor testified that she had not resided at the Grovedale address for some time prior to the May 2018 mailings.

19. The Judgment Debtor did not have any other fact that would preclude the money from being released to the Judgment Creditor other than the alleged service issue.

(Aug. 17, 2018 Mag.'s Decision at 3.) In its conclusions of law, the magistrate stated:

There is evidence that the Judgment Debtor was served with the proper notice contained within R.C. §2716.13. (See the May 10, 2018 Notice to the Judgment Debtor) That mailing created a presumption that there was good service. In response, the Judgment Debtor claimed that the address used by the Judgment Creditor was not valid at that time. The judgment Debtor testified that she did not receive the Notice. She testified that her first notice of this collection action was when she heard from her bank.

(Mag.'s Decision at 5-6.) The magistrate cited legal authority, including *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275 (10th Dist.), requiring the statute associated with garnishments to be strictly followed and construed. The magistrate then concluded that in this case "the notice required to be given to [appellee] was not served," and, therefore, appellee did not receive the statutorily required notice as mandated by statute. (Mag.'s Decision at 7.) Because appellee "failed to meet the strict requirement of the statute," the magistrate found the money at issue could not be released to appellant, the judgment creditor. (Mag.'s Decision at 7.) Instead, the magistrate ordered the clerk to release the money deposited with the court to appellee, the judgment debtor.

{¶ 7} Appellant filed six objections to the magistrate's decision, including:

(1) TBF fully complied with the requirements set forth in RC §2716.11 - §2716.13 to properly effect a non-wage garnishment

of non-exempt funds belonging to Defendant Angela Wilkerson ("Wilkerson") held by Fifth Third Bank.

(2)  RC §2716.13(C)(1) does not require that the Clerk of Courts or TBF perfect service of the Notice To Judgment Debtor of Garnishment of Property Other Than Personal Earnings and Request For Hearing upon a Defendant/Judgment Debtor.

(3)  In any event, since Wilkerson was granted a hearing on the propriety of TBF's garnishment, any failure of service of the Notice of Garnishment and Request For Hearing by the Clerk of Courts is moot and in no way prejudiced Wilkerson's right to due process and to be heard.

(4)  Wilkerson neither asserted, established or suggested any reason at the garnishment hearing why the funds held by Fifth Third Bank were exempt from TBF's garnishment.

(5)  *Doss v. Thomas*, 2009-Ohio-2275 (10th Dist.) is inapposite to this case and the Magistrate's reliance thereon in support of his Conclusions of Law is misplaced.

(6)  The Magistrate's order that the properly garnished funds now held by the Clerk of Courts be returned to Wilkerson is in error and contrary to law.

(Emphasis sic.)  (Aug. 30, 2018 Objs. to Mag.'s Decision at 1-2.)  Appellant also attempted to serve appellee with a new order and notice of garnishment at the Aqua Bay address; the certified mail attempt was returned "unclaimed."  (Oct. 29, 2018 Service Failure at 1.)  Fifth Third's answer to the new notice and order of garnishment indicated appellee has no funds available in her account.

{¶ 8}  On November 26, 2018, the trial court overruled appellant's objections and adopted the magistrate's decision.  In so holding, the trial court agreed with the magistrate that under the garnishment statute and *Doss* "actual notice [to appellee] was required" and that appellee's testimony showed she had not received notice of the garnishment.  (Nov. 26, 2018 Decision at 3.)  Furthermore, based on *Doss* and the requirement of strict compliance with notice provisions of the statute, the trial court disagreed with appellant's argument that, regardless of notice, appellee was provided a garnishment hearing during which she failed to present any evidence that the funds garnished were statutorily exempt or otherwise not subject to garnishment.  The trial court noted the clerk of courts dispersed the funds to

appellee on August 23, 2018; notation of the disbursement to appellee does not otherwise appear in the record.[2]

{¶ 9}   Appellant filed a timely appeal.[3]

## II.  ASSIGNMENTS OF ERROR

{¶ 10}  Appellant assigns the following as trial court error:

> [1.] The trial court erred in finding that Appellant failed to meet the requirements of R.C. §2716.13 to obtain an order releasing to it funds on deposit with the Clerk of Courts as the result of the garnishment of Appellee's Fifth Third bank account.
>
> [2.] The trial court erred in failing to release to Appellant the funds on deposit with the Clerk of Courts after the garnishment hearing was held with Appellee in attendance and the court concluded that Appellee had stated no reason why the subject garnishment was improper.

## III.  STANDARD OF REVIEW

{¶ 11} An appellate court will not disturb a trial court judgment adopting a magistrate's decision absent an abuse of discretion. *Columbus Div. of Income Tax v. Capital Data Sys.*, 186 Ohio App.3d 775, 2010-Ohio-1026, ¶ 8 (10th Dist.).  "On questions of law, however, our review is plenary." *Id.*  Statutory interpretation is a question of law reviewed de novo on appeal. *Broadmoor Ctr., LLC v. Dallin*, 10th Dist. No. 16AP-428, 2016-Ohio-8541, ¶ 19.

## IV.  LEGAL ANALYSIS

### A.  Appellant's Second Assignment of Error

{¶ 12} Because we find it dispositive to resolving this appeal, we will begin by addressing appellant's second assignment of error.  In its second assignment of error,

---

[2] We note this court has previously recognized that in garnishment cases where there is no stay of execution of the trial court judgment and the clerk distributed disputed funds to the judgment creditor, thereby satisfying the judgment, the appeal of such distribution is moot. *See*, *e.g.*, *Leonard v. Delphia Consulting, LLC*, 10th Dist. No. 06AP-874, 2007-Ohio-1846, ¶ 6, 24; *DeMeter v. Castle Bail Bonds, Inc.*, 10th Dist. No. 14AP-918, 2015-Ohio-2540, ¶ 8.  However, the present case does not involve the satisfaction of a judgment, since the trial court distributed the funds at issue to the judgment *debtor*.  Having found such a distinction and considering the record is not clear that the disbursement occurred and neither party argues the present appeal is moot due to the clerk's possible disbursement of funds to appellee, we will proceed to the merits of the appeal. *Grand Harbour Condominium Owners Assn. v. Grogg*, 8th Dist. No. 103463, 2016-Ohio-1386, ¶ 10, fn. 1; *Beneficial Ohio, Inc. v. Beckett*, 5th Dist. No. 09 CA 000017, 2010-Ohio-453, ¶ 5.
[3] Appellee did not file an appellate brief, and appellant waived oral argument.

appellant argues the issue of service is moot since appellee received a hearing and presented no reason why the garnishment was improper, and, therefore, the trial court erred in failing to release the money to appellant.  We agree.

{¶ 13} "Garnishment is an action in law 'by which a creditor seeks satisfaction of the indebtedness out of an obligation due the debtor from a third person, the garnishee.' " *In re Estate of Mason*, 109 Ohio St.3d 532, 537 (2006), quoting *Union Properties, Inc. v. Patterson*, 143 Ohio St. 192, 195 (1944).  "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes."  *Doss*, 2009-Ohio-2275, at ¶ 11.  R.C. 2716.01.

{¶ 14} Garnishment of "property, other than personal earnings," also informally called a "non-wage garnishment," is governed by R.C. 2716.11 through 2716.13 and 2716.21. R.C. 2716.11; *Doss* at ¶ 16.  After a judgment has been obtained against another person, the judgment creditor may commence a non-wage garnishment proceeding in the court of common pleas.  R.C. 2716.01 and 2716.11; *Doss* at ¶ 11.  Pursuant to R.C. 2716.13(B), after the trial court sets a hearing date, the clerk of court issues an order of garnishment and a notice to answer to the garnishee.  The clerk likewise issues copies of a statutory notice and a request for a hearing form to the judgment debtor by ordinary or regular mail service unless the judgment creditor requests that service be made in accordance with the Rules of Civil Procedure.  R.C. 2716.13(C) and (D).  The statutory notice to the judgment debtor provides in pertinent part:

> If you dispute the judgment creditor's right to garnish your property and believe that the judgment creditor should not be given your money, property, or credits, other than personal earnings, now in the possession of the garnishee because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form, appearing below, or in a substantially similar form, and delivering the request for hearing to this court at the above address, at the office of the clerk of this court no later than the end of the fifth business day after you receive this notice. * * * NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or

> credits, other than personal earnings, in the possession or control of the garnishee, if any, that can be used to satisfy all or part of the judgment you owe to the judgment creditor.

(Emphasis sic.)   R.C. 2716.13(C)(1).   "The judgment debtor may not use garnishment proceedings to relitigate the underlying debt."   (Internal citations omitted.)   *Weigand v. Fabrizi Trucking & Paving Co.*, 9th Dist. No. 18CA011406, 2019-Ohio-2615, ¶ 13.

{¶ 15} If the judgment debtor fails to request a hearing by a specified time, the trial court issues an order to the garnishee to pay all or some of the non-wage property to the judgment creditor if that amount has not already been paid to the court.  R.C. 2716.13(C)(1) and (5).  However, even if the judgment debtor fails to properly request a hearing within the prescribed time, the trial court may grant a continuance of the scheduled hearing if the judgment debtor, prior to the time at which the hearing was scheduled, "establishes a reasonable justification for failure to request the hearing within the prescribed time."  R.C. 2716.13(C)(2) and (3).[4]

{¶ 16} Viewed comprehensively, "R.C. 2716.13(C) * * * mandates the notice in order for the debtor to have an opportunity to request a hearing."  *Capital Data Sys.* at ¶ 9.  *Capital Data Sys.* involved a non-wage garnishment proceeding where the judgment debtor alleged lack of notice of the garnishment order as a reason to negate the garnishment.  The parties did not dispute that the correct notice was issued to the debtor, but the record was unclear as to whether the judgment debtor was properly served with the notice.  In affirming the trial court, we held that under R.C. 2716.13(C), a judgment debtor must demonstrate he or she was prejudiced by alleged lack of notice to preclude an otherwise proper garnishment.  *Compare Capital Data Sys.*, 2010-Ohio-1026, at ¶ 2-3, 9, citing *Smith v. Dodman*, 2d Dist. No. 14483 (Aug. 12, 1994) (requiring showing of prejudice to invalidate non-wage garnishment proceeding based on lack of service where the record showed the clerk of courts issued service of a form pursuant to R.C. 2716.13(C) and the judgment debtor received a hearing) *with Broadmoor Ctr., LLC*, 2016-Ohio-8541, at ¶ 17-25 (service of incorrect notice rendered non-wage garnishment proceedings void).  Further, we concluded the judgment debtor was not prejudiced by the alleged notice violation

---

[4] We note appellee did not ask for a continuance prior to the time the hearing was scheduled.  Because appellant does not challenge the propriety of the trial court ultimately holding a hearing, we refrain from addressing this issue.  App.R. 12(A) and 16(A)(7).

because the judgment debtor ultimately received a hearing to address her disputes, and, therefore, the alleged defect in notice essentially constituted harmless error that a trial court should disregard. *Capital Data Sys.* at ¶ 3, 9.

{¶ 17} Here, like in *Capital Data Sys.*, the judgment debtor alleged she did not receive the order of non-wage garnishment, but she ultimately received a hearing to address her dispute of the garnishment. As established by the magistrate's unchallenged findings of fact, at the hearing appellee "did not have any other fact that would preclude the money from being released to the Judgment Creditor other than the alleged service issue." (Mag.'s Decision at 3.) Because the purpose of notice under R.C. 2716.13(C) and (D) is to afford the judgment debtor the opportunity to request a hearing to dispute garnishment and in this case a hearing was ultimately provided to appellee, we find appellee was not prejudiced by lack of notice on the specific facts of this case.

{¶ 18} *Doss*, cited by the trial court, does not change this result. *Doss* involved a garnishee's appeal of the trial court's motion for contempt; it did not address the issue of whether lack of notice alleged by a judgment debtor who was ultimately granted a hearing serves as grounds to order release of funds to the debtor rather than the creditor. Moreover, *Capital Data Sys.*, which is essentially based on a determination that the judgment debtor was in fact afforded statutory protections, is consistent with the general proposition in *Doss* that "a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Id.* at ¶ 11. Therefore, considering all the above and following *Capital Data Sys.*, we find the trial court erred in ordering the disputed funds released to appellee instead of appellant.

{¶ 19} Accordingly, we sustain appellant's second assignment of error.

**B. Appellant's First Assignment of Error**

{¶ 20} In its first assignment of error, appellant argues the trial court erred in finding that appellant failed to meet the service requirements of R.C. 2716.13 to obtain an order releasing to it funds on deposit with the clerk of courts. We previously held in addressing the second assignment of error that appellee was not prejudiced by the alleged lack of notice on the specific facts of this case, and, therefore, the trial court erred in ordering the disputed funds released to appellee instead of appellant. Therefore, due to our

resolution of the second assignment of error, we find appellant's first assignment of error to be moot.  App.R. 12(A)(1)(c).

## V.  CONCLUSION

{¶ 21} Accordingly, having sustained appellant's second assignment of error and determined appellant's first assignment of error is moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

BROWN and DORRIAN, JJ., concur.

_____