[Cite as *Ohio Dept. of Taxation v. Barney*, 2023-Ohio-4282.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio Department of Taxation, | : | |
| Judgment Creditor-Appellee, | : | No. 23AP-220 (C.P.C. No. 14JG054834) |
| v. | : | |
| Mitchell V. Barney, | : | (REGULAR CALENDAR) |
| Judgment Debtor-Appellant. | : | |

D E C I S I O N

Rendered on November 21, 2023

**On brief:** *Keith D. Weiner & Associates Co., LPA*, and *Suzana Pastor*, for appellee.

**On brief:** *Mitchell V. Barney*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Judgment Debtor-appellant, Mitchell V. Barney, appeals from a judgment of the Franklin County Court of Common Pleas, adopting a magistrate's decision ordering disbursement of garnished funds to Judgment Creditor-appellee, State of Ohio Department of Taxation. For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The material facts in this case are undisputed. On November 4, 2014, appellee submitted to the trial court, a certified personal-income-tax assessment against appellant in the principal amount of $5,676.99. According to appellee, the assessment had become final, by operation of law, when appellee obtained and recorded a judgment lien in the total amount of the assessment. On January 14, 2021, on the appellee's application, the common pleas court ordered the garnishment of appellant's funds held by Citizens Bank.

{¶ 3}    Pursuant to R.C. 2716.06, the Franklin County Clerk of Courts ("Clerk") served appellant with a "notice to the judgment debtor of garnishment of property other than personal earnings" that provided in relevant part as follows:

> You are hereby notified that this court has issued an order in favor of the * * * creditor in this proceeding, directing that some of your money in excess of $500.00, property, or other credits other than personal earnings, now in the possession of the garnishee [Citizens Bank], be used to satisfy your debt to the judgment creditor. This order was issued on the basis of the judgment creditor's judgment against you that was obtained in, or certified to the Franklin County Common Pleas Court.

{¶ 4}    On February 25, 2021, Citizens Bank filed an "answer of garnishee," wherein Citizen's Bank certified that on February 17, 2021, appellant owned checking accounts containing more than $500.00 in money, property, or credits other than personal earnings. Citizens Bank further averred that the amount in excess of $500.00 is $275.35. Accordingly, Citizens Bank delivered $275.35 to the Clerk. Appellant disputed appellee's right to the funds, and on March 9, 2021, appellant timely requested a hearing.

{¶ 5}    On March 10, 2021, appellee moved the court for an order disbursing the garnished funds to appellee.  On May 5, 2021, a court magistrate held a garnishment hearing by video. On May 14, 2021, the magistrate issued a decision which concludes as follows: "The [Clerk] is hereby **ORDERED** to release the sum of $275.35 to the Judgment Creditor, the State of Ohio Department of Taxation." (Emphasis sic.) (May 14, 2021 Mag.'s Decision at 3.)

{¶ 6}    On June 3, 2021, appellant filed objections to the magistrate's decision. On July 20, 2021, appellant filed additional documents in opposition to the garnishment. On August 18, 2021, the trial court issued a judgment entry adopting the magistrate's decision as its own.  Appellant timely appealed to this court from the judgment entered August 18, 2021.

{¶ 7}    On appeal, this court reviewed the August 18, 2021 judgment entry and sua sponte concluded it did not constitute a final appealable order because the trial court failed to explicitly rule on appellant's objections. *State Dept. of Taxation v. Barney*, 10th Dist. No. 21AP-461, 2023-Ohio-636.  In our decision, we ruled as follows:

> Because the trial court did not enter judgment in this case and did not order the requested relief, we find the August 18, 2021

> judgment entry is not a final appealable order. Therefore, the appeal is dismissed for lack of jurisdiction.

*Barney* at ¶ 21.

{¶ 8} On remand, the trial court issued a March 6, 2023 decision and entry overruling appellant's objections to the magistrate's decision, adopting the magistrate's decision as its own, and ordering disbursement of the garnished funds to appellee.

{¶ 9} Appellant timely appealed to this court from the March 6, 2023 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following as trial court errors:

> [1.] THE TRIAL COURT ERRED IN RULING THAT DEFENDANT-APPELLANT'S FUNDS TOTALLING $275.35 WERE PROPERLY PAYABLE TO THE PLAINTIFF-APPELLEE PURSUANT TO THE GARNISHMENT FILED ON JANUARY 14, 2021.
>
> [2.] THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR THE RELEASE OF DEFENDANT-APPELLANT'S FUNDS.
>
> [3.] THE TRIAL COURT'S RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. STANDARD OF REVIEW

{¶ 11} "An appellate court will not disturb a trial court judgment adopting a magistrate's decision absent an abuse of discretion." *TBF Fin. L.L.C. v. Wilkerson*, 10th Dist. No. 18AP-974, 2019-Ohio-3493, ¶ 11, citing *Columbus Div. of Income Tax v. Capital Data Sys., Inc.*, 186 Ohio App.3d 775, 2010-Ohio-1026, ¶ 8 (10th Dist.). Accordingly, a court of appeals may only reverse a trial court's adoption of a magistrate's decision if the trial court acted unreasonably or in an arbitrary manner. *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15.

## IV. LEGAL ANALYSIS

{¶ 12} In appellant's first and third assignments of error, appellant contends the trial court erred by ordering the Clerk to disburse the garnished funds because appellant's accounts did not contain more than $500 on February 17, 2021. Accordingly, we shall consider these assignments of error together.

{¶ 13} "R.C. 2716.06 provides that the judgment debtor should dispute the judgment creditor's right to garnish the wages at a requested hearing by demonstrating an exemption or reason the garnishment is improper." *Tisdale v. ADP, L.L.C.*, 10th Dist. No. 20AP-521, 2021-Ohio-3827, ¶ 17. Thus, appellant bears the burden of proving an exception or reason the garnishment is improper. *Id.* at ¶ 18.

{¶ 14} R.C. 2716.13(B) provides in relevant part as follows:

> Upon the scheduling of a hearing relative to a proceeding in garnishment of property, other than personal earnings, under division (A) of this section, the clerk of the court immediately shall issue to the garnishee three copies of the order of garnishment of property, other than personal earnings, and of a written notice that the garnishee answer as provided in section 2716.21. * * * The order shall bind the property in excess of four hundred dollars, other than personal earnings, of the judgment debtor in the possession of the garnishee at the time of service.

{¶ 15} At the evidentiary hearing, appellant testified the balances in his checking accounts at Citizens Bank were reduced to $0 when Citizens Bank filed its answer and deposited his funds with the Clerk. In other words, appellant argues that all funds in his Citizens Bank accounts were exempt from garnishment pursuant to R.C. 2716.16. At the hearing, appellant claimed he had documentary evidence to substantiate his claim.

{¶ 16} In the magistrate's decision, the magistrate made the following observation:

> Mr. Barney represented to the Magistrate that he possessed documents that demonstrated his beliefs. The Magistrate informed Mr. Barney that, if he wished to have the Magistrate consider those documents as evidence, he was to file the documents with the Franklin County Clerk of Courts by 5:00 p.m. on May 6, 2021.
>
> Although the Magistrate has waited a week to render this decision, Mr. Barney has not filed any documents with the Franklin County Clerk of Courts.

(May 14, 2021 Mag.'s Decision at 2.)

{¶ 17} The magistrate recommended the trial court issue an order releasing the funds to appellee upon concluding that appellant "failed to demonstrate any factual or legal

basis for the Court to vacate the January 14, 2021 garnishment order." (May 14, 2021 Mag.'s Decision at 2.)

{¶ 18} Appellant's objections to the magistrate's decision are predicated entirely on the evidence he submitted to the court on July 20, 2021. In appellant's objections, appellant argues the magistrate erred in concluding that appellant had not met his burden of establishing the sums deposited with the Clerk were exempt from garnishment because the evidence he submitted on July 20, 2021 established that the balance of his Citizens Bank checking accounts were less than $500 on February 17, 2021. The trial court found that because appellant failed to meet the deadline established by the magistrate, the magistrate did not err in concluding, based on the evidence submitted at the hearing, the funds were non-exempt.  Appellant does not dispute the trial court's finding in this appeal.

{¶ 19} Alternatively, the trial court found as follows:

> Even if the Court could consider those records, at best the records show that the balance in account enduing [sic] in 1302 was $0.00 on February 9, 2021. However, Garnishee Citizens certified on February 17, 2021 that Barney had more than $500.00 in money, property, or credits other than personal earnings. Thus, even if the Court could consider these records, they do now show that Barney's bank accounts did not have more than $500.00 on February 17, 2021, when Garnishee Citizens submitted its Answer.

(Aug. 18, 2021 Jgmt. Entry at fn. 2)

{¶ 20} Our review of the information submitted by appellant on July 20, 2021 and at the March 9, 2021 hearing shows that appellant had two separate checking accounts with Citizens Bank: account number ending in 5001 and account number ending in 1302. On February 9, 2021, Citizens Bank notified appellant that it had placed a "hold" on $93.28 in account number ending in 5001, and $182.07 in account number ending in 1302, for a total of $275.35. (Deft.'s Ex. 1.) Appellant argued that the "hold" amount was the total account balance for each account rather than the balance in excess of $500.00, and that Citizens Bank failed to follow the instructions in the "Court Order and Notice of Garnishment" when it filed its certified "Answer of Garnishee" on February 25, 2021.

{¶ 21} In support of this claim, appellant submitted heavily redacted checking account statements that show one of the accounts, presumedly account number ending in

1302, was reduced to $0.00 by an "attachment withdrawal" of $182.07 on February 9, 2021. (Deft.'s Ex. 1(a).) The other account statement shows an "attachment withdrawal" of $93.00 on July 9, 2021, but appellant did not provide any statement or document showing the balance in account number ending in 5001 either on February 9, 2021, or on February 17, 2021, the date Citizens Bank certified the amount appellant had on deposit in excess of $500.00. (Deft.'s Ex. 1(a).) Thus, we agree with the trial court that the documents belatedly submitted to the trial court on July 20, 2021 do not support appellant's claim that his account balance was less than $500.00 on February 17, 2021 when garnishee, Citizens Bank, filed its answer.

{¶ 22} Based on the foregoing, we hold that the trial court did not abuse its discretion when it overruled appellant's objections to the magistrate's decision, adopted the decision as its own, and ordered the Clerk to disburse the garnished funds to appellee. Appellant's first and third assignments of error are overruled.

{¶ 23} In appellant's second assignment of error, appellant contends the trial court erred when it prematurely granted appellee's March 17, 2023 motion to disburse the garnished funds to appellee, and subsequently failed to rule on his motion for a stay of execution.

{¶ 24} Initially, we note the March 6, 2023 judgment entry clearly contains an order requiring the Clerk to disburse the garnished funds to appellee.[1] Appellee nevertheless filed a March 17, 2023 motion seeking an order requiring the Clerk to disburse the garnished funds to appellee. The attached certificate of service indicates service by regular mail was sent to appellant on March 14, 2023. The trial court granted appellee's motion on April 3, 2023.

{¶ 25} On April 4, 2023, appellant filed a motion to stay the March 6, 2023 judgment, and on April 5, 2023, appellant filed both a notice of appeal to this court from the March 6, 2023 judgment, and memorandum in opposition to appellee's motion to release funds. The trial court did not rule on the motion to stay, and the record does not disclose whether the Clerk disbursed the garnished funds to appellee.

---

[1] The judgment entry provides in relevant part: "Judgment is hereby entered in favor of Judgment Creditor the State of Ohio Department of Taxation. The Clerk of Courts is instructed to deliver to the Judgment Creditor's Attorney, * * * the sum of $275.35, less the court costs held. This is a final appealable order and there is no just cause for delay." (Mar. 6, 2023 Jgmt. Entry at 3.)

{¶ 26} Civ.R. 62(A) provides for a stay on motion after judgment as follows:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may, upon motion made any time after judgment, stay the execution of that judgment or stay any proceedings to enforce the judgment until the time for * * * filing a notice of appeal[.]

{¶ 27} Appellee maintains the trial court's ruling on the motion to release funds was not premature because appellant failed to timely respond to appellee's motion and failed to timely move for a stay. We agree.

{¶ 28} Pursuant to Civ.R. 6(C)(1), a response to a written motion shall be filed within 14 days of service of the motion.[2] Civ.R. 6(D) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail * * *, three days shall be added to the prescribed period."

{¶ 29} Appellee served the motion by regular mail on March 14, 2023. Adding three days for regular mail service as required by Civ.R. 6(D), appellant's response to appellee's motion to release funds was due on or before March 31, 2023, as appellee contends. Thus, the trial court's April 3, 2023 distribution order granting the motion to release funds was not issued prematurely.

{¶ 30} Regarding the motion for a stay, we generally presume a trial court has overruled a motion when it does not issue a written ruling. *Mills v. Mills*, 10th Dist. No. 10AP-495, 2011-Ohio-2848, fn. 1, citing *State v. Hillman*, 10th Dist. No. 06AP-1230, 2008-Ohio-2341. Here, the presumption is supported by the March 6, 2023 judgment entry which explicitly orders the Clerk to disburse the garnished funds to appellee's attorney, and the trial court's subsequent April 3, 2023 entry granting appellee's unopposed motion to release funds. Given our ruling on appellant's first and third assignments of error, we cannot say the trial court abused its discretion in refusing to reconsider the two prior rulings concerning disbursement of the garnished funds.

{¶ 31} For the foregoing reasons, we overrule appellant's second assignment of error.

---

[2] Pursuant to Civ.R. 5(D), "[a]ny paper after the complaint that is required to be served shall be filed with the court within three days after service."

**V.  CONCLUSION**

{¶ 32} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____