**WILSON, Appellee,**

v.

**DIXON, Appellant, et al.**

[Cite as *Wilson v. Dixon* (1991), 73 Ohio App.3d 706.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58805.

Decided July 8, 1991.

*James M. Hungerford,* for appellee.

*Salvatore P. Jeffries,* for appellant.

---

KRUPANSKY, Chief Justice.

Plaintiff, William G. Wilson, filed a certificate of judgment and started proceedings in aid of execution on the judgment in the Cleveland Municipal Court case No. 34816 against defendant Gene Dixon. Plaintiff sought to garnish an annuity in defendant's name held by Allstate Insurance Company. Allstate claimed the funds were exempt from execution pursuant to statute and the terms of the annuity contract. A hearing was held before a referee in which the referee found Allstate failed to establish the funds were exempt. Both Allstate and defendant filed their objections to the referee's report. On October 20, 1989, the trial court overruled the objections and adopted the referee's report. Defendant filed a timely notice of appeal.

The relevant facts follow:

On October 11, 1988, plaintiff obtained a judgment against defendant in the Cuyahoga County Court of Common Pleas in the amount of $36,000. That judgment was transferred to Cleveland Municipal Court for execution. Previously, defendant had been the victim of a motorcycle accident in which he received a settlement of approximately $420,000. Defendant received a lump sum payment of $205,000 and the remainder was used to fund an annuity established by contract between defendant and Allstate paying $1,075 per month. The contract establishing the annuity provided in relevant part as follows:

"No amount of future funds or payments referred to herein may be accelerated for any reason or cause whatsoever. Further all settlement funds shall be free from anticipation, assignment, pledge or obligations of the claimant, his heirs, executors, administrators, successors or assigns, and shall not be subject to attachment, exclusion or other legal process."

Defendant's first and second assignments of error follow:

"I. The trial court erred in sustaining appellee's 'other than personal earnings' garnishment of appellant's annuity wherein the terms of the annuity contract expressly prohibit garnishment/attachment by third parties such as appellee.

"II. The trial court erred in overruling appellant's objections to the referee's report thereby sustaining appellee's 'other than personal earnings' garnishment of appellant's annuity wherein the terms of the annuity contract

expressly prohibit attachment/garnishments by third parties such as appellee."

Defendant's first and second assignments of error lack merit.

■ Defendant contends the clause of the contract on which he relies is a "spendthrift clause." Defendant argues that the annuity is the equivalent of a spendthrift trust set up for the protection of defendant. Defendant further argues the terms of the contract prevent any attachment of funds by creditors. Defendant's arguments are unpersuasive.

■ At the outset it must be noted this is not a trust. The Ohio Supreme Court has held as follows:

"The authorities are unanimous in holding that an owner of property may not create for himself a spendthrift trust that will be valid against his creditors, even though such trust is limited to the trust income and even though such owner may have no creditors when such trust is created." *Sherrow v. Brookover* (1963), 174 Ohio St. 310, 314, 22 O.O.2d 373, 376, 189 N.E.2d 90, 93.

Therefore, in the case *sub judice*, this cannot be a spendthrift trust since it was established by defendant for the benefit of defendant. Rather, it is an annuity created by contract between two parties, *viz.*, defendant and Allstate. Hence, this case must be evaluated under principles of contract law. Furthermore, R.C. 2329.66 lists properties which may be exempt from attachment. The annuity in question does not qualify as exempt under R.C. 2329.66.

Ohio courts have held as follows:

"This is a garnishment case and, as such, is governed by statute (R.C. Chapter 2716). Garnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party.

"A garnishment of property is commenced when the judgment creditor files with the court, and serves upon both the debtor and the third party in possession, an oath in writing setting forth the name of the defendant and stating that affiant has 'good reason to believe and does believe that the person, partnership, or corporation named in the affidavit as the garnishee has property, other than personal earnings, of the defendant that is not exempt under the law of this state or the United States.' R.C. 2716.11(B)." *Bank One of Columbus, N.A. v. Lake States Cartage, Inc.* (1985), 30 Ohio Misc.2d 22, 23, 30 OBR 286, 286–287, 506 N.E.2d 1234, 1235.

■ In the case *sub judice* the property involved is not exempt. The property is also in the possession of someone other than defendant, *viz.*, Allstate Insurance Company. Therefore, the property in question is ripe for

garnishment unless its status may be altered by contract. In an unrelated context the Ohio Supreme Court has held that statutory obligations may not be altered by contractual arrangements. *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 228, 520 N.E.2d 193, 197. That court went on to hold that, "[t]o permit a *de facto* transfer of responsibilities by virtue of a judicial decision in a private contract action would undermine the regulatory framework prescribed by the General Assembly." *Id.* at 229, 520 N.E.2d at 198. In the case *sub judice*, the General Assembly has created the procedures for garnishments and created what types of property may be exempt. It would be improvident for this court via judicial decision to allow parties to contract an exception into the framework for garnishments created by the General Assembly. To permit such proceeding would in effect permit the individuals to contract away and override the laws created by the General Assembly. In addition to being against public policy, it would play havoc with individuals who are not parties to the contract. For example in the case *sub judice*, it would create a hardship on plaintiff who was neither a party to the contract nor in privity with the parties thereto. To hold otherwise would allow debtors to escape their responsibilities by creating "spendthrift annuities" to protect their assets. Therefore, the trial court properly allowed plaintiff to garnish defendant's monthly annuity payments.

Accordingly, defendant's first and second assignments of error are not well taken and overruled.

*Judgment affirmed.*

DYKE and BLACKMON, JJ., concur.