[Cite as *In re Estate of Lodwick* , 2019-Ohio-4559.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 19CA8 |
| THE ESTATE OF: | : | |
| LISA FAYE LODWICK | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| | : | |
| | : | **Released: 10/30/19** |

APPEARANCES:

Warren N. Morford, Jr., Ironton, Ohio, for Appellant.

Brenda K. Neville, Meyers & Neville, LLC, Chesapeake, Ohio, for Appellee.

McFarland, J.

{¶1} This is an appeal from the judgment entry of the Lawrence County Court of Common Pleas, Probate Division, that granted Appellee's, the Estate of Lisa Faye Lodwick, motion to enforce the terms of a separation agreement between Appellant, Michael Lodwick, and his now deceased spouse, Lisa Lodwick, in a will contest action filed by Appellant. The Probate Court found that Appellant's challenge to the separation agreement was not timely filed so it was presumed valid.

{¶2} Appellant asserts that "the trial court wrongfully held that R.C. 2106.22 applied to a written Separation Agreement, which was entered into by the decedent [Lodwick] and her surviving spouse, [Appellant], in the

course of a divorce proceeding, but never incorporated into a court order."

After reviewing the record and the applicable law, we overrule Appellant's

assignment of error and affirm the trial court's judgment.

PROCEDURAL HISTORY

{¶3} On March 10, 2016, Appellant and Lisa Lodwick entered into a

marital separation agreement. They filed the agreement in the Lawrence

County Court of Common Pleas, case no. 16DR149, a divorce action. The

separation agreement in pertinent part provided: "It is agreed and understood

that this agreement finally settled all rights of the parties and the property

jointly or individually owned by the parties, and that this Agreement, and the

enforceability thereof, is not contingent upon either party or both parties

being granted the divorce on any grounds." It further stated: "The parties

shall refrain from release and relinquish any and all claims that he or she

may have had, [including an] election to take against or under the other

party's Last Will and Testament." At the time of her death on March 28,

2018, Lisa Lodwick was married to Appellant, and the court had not issued

an entry approving or disapproving their separation agreement.

{¶4} Appellee, Ashlee Stapleton, was appointed executor of Lisa

Lodwick's estate, pursuant to Ms. Lodwick's will, on May 14, 2018. On

July 17, 2018, Appellant received the Summary of General Rights of Surviving Spouse, which provided that:

> a surviving spouse shall exercise all rights under Chapter 2106 of the Revised Code within five months of the initial appointment of an executor or administrator of the estate.  It is conclusively presumed that a surviving spouse has waived any right not exercised with that five-month period or within any longer time for exercising a right under Chapter 2106 of the Revised Code and for good cause shown, the court may allow further time for exercising the right that is subject of the motion.

{¶5} On August 7, 2018, Appellant filed a notice to take against Lisa Lodwick's will.  The court scheduled a hearing for September 17, 2018 to consider the matter.  At that hearing, Appellant affirmed his intent to proceed with his action to take against Ms. Lodwick's will.  On September 17, 2018, Appellant flied an Election of Surviving Spouse to Take Against Will, which the court accepted pursuant to an entry filed on the same date.

{¶6} On December 28, 2018, Appellee filed a Motion for Authority to Enforce the Terms of Separation Agreement.  The court issued a Notice of Hearing on All Pending motions for February 7, 2019.  At the hearing, the

court acknowledged Appellant's notice to take against Lisa Lodwick's will and numerous accompanying motions, but it indicated that Appellee's Motion for Authority to Enforce the Terms of the Separation Agreement required "initial consideration" because "[i]f it is granted, then I think that resolves at least two if not three, the three remaining matters."  After that hearing, the court issued an entry on March 5, 2019 that stated:

> R.C. 2106.22 requires a surviving spouse who entered
> into a separation agreement to file to set aside the separation
> agreement or otherwise attack the validity of the agreement
> within four months after the appointment of the executor or
> administrator the estate.  [Appellant] herein did nothing to
> challenge the enforceability of the separation agreement until
> the February 7, 2019 oral argument on the executor's motion.
> O.R.C. 2106.22 declares, under the circumstances of this
> case, the separation agreement to be valid.

{¶7} The court then issued a judgment entry granting the executor's motion to enforce the terms of the March 10, 2016 separation agreement in which Appellant and Ms. Lodwick agreed to not take against each other's will issuing.  The court also designated the entry as a Final Appealable

Order.  It is from this judgment that Appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

"THE TRIAL COURT WRONGFULLY HELD THAT 2106.22 APPLIED TO A WRITTEN SEPARATION AGREEMENT, WHICH WAS ENTERED INTO BY THE DECEDENT AND HER SURVIVING SPOUSE, APPELLANT MICHAEL B. LODWICK, IN THE COURSE OF A DIVORCE PROCEEDING BUT NEVER INCORPORATED INTO A COURT ORDER."

{¶8} Appellant argues that the separation agreement is not enforceable by contempt because it is not a court order.  He also argues that the separation agreement is not enforceable with other remedies to enforce a judgment, such as an action for specific performance or garnishment.  Therefore, he argues the Probate Court's judgment should be reversed.

{¶9} In response, Appellee argues that under R.C. 2106.22 a separation agreement is presumed valid unless it is challenged within four months after the appointment of the executor of the estate.  Thus, Appellee argues, because it is undisputed that Appellant did not challenge the agreement within four months of the appointment of the executor herein, the agreement must be presumed to be valid and the Probate Court's judgment should be affirmed.

{¶10} "R.C. Chapter 2106 outlines the rights of surviving spouses." *Reid v. Daniel,* 2nd Dist. Montgomery No. 264942015-Ohio-2423, ¶ 12.

"One of the rights granted to surviving spouses under R.C. Chapter 2106 is the right to challenge the validity of antenuptial or separation agreements." *Id*. Under R.C. 2106.22:

> Any antenuptial *or separation agreement* to which a decedent was a party *is valid unless an action to set it aside* is *commenced within four months after the appointment of the executor* or administrator of the estate of the decedent, or unless, within the four-month period, the validity of the agreement otherwise is attacked.  (Emphasis added.)

{¶11} "The fact that the [separation] agreement may have been voidable, upon proper proof, does not allow [the surviving spouse] to avoid the bar of the limitations period and to challenge the agreement's validity." *Reid v. Daniel*, 2nd Dist. Montgomery No. 26494, 2015-Ohio-2423, ¶ 38 (addressed a prenuptial agreement, but R.C. 2106.22 applies equally to separation agreements), *see also Mays v. Carl L. Mays Tr.*, 6th Dist. Huron No. H-11-004, 2012-Ohio-618, ¶ 9 (same).

{¶12} Appellant appears to attempt to circumvent the time limitation imposed in R.C. 2106.22 by arguing that the separation agreement cannot operate to prevent Appellant from taking against Ms.  Lodwick's will because the separation agreement is not subject to enforcement in contempt

because it is not a court order, and it cannot be enforced with other remedies, such as an order for garnishment.

{¶13} A contempt action is the correct method to enforce a separation agreement *that has been merged into a divorce decree* because contempt is the means courts use to enforce their orders. (Emphasis added.) *Hans v. Stedman*, 10th Dist. Franklin Nos. 04AP-376 and 04AP-377, 2005-Ohio-4819, ¶ 15. And "[g]arnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party." *Wilson v. Dixon*, 73 Ohio App.3d 706, 708, 598 N.E.2d 158, 159 (1991). " 'Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes.' " *Wiegand v. Fabrizi Trucking & Paving Co. Inc.*, 2019-Ohio-2615, ¶ 12, quoting *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.). None of those issues are before the court.

{¶14} Rather, it is R.C. Chapter 2106 that sets out the rights of surviving spouses. *Reid*, 2nd Dist. Montgomery No. 26494, 2015-Ohio-2423, ¶ 38. In that Chapter, the General Assembly has provided that if a spouse dies, the surviving spouse must be informed of their rights, including the right to take under or against the will of the deceased spouse. *See* R.C.

2106.01-2106.08. Particular to this case, the surviving spouse also has a right to challenge an antenuptial or separation agreement, but that challenge must be filed within four months of the date that the executor or administrator is appointed to the deceased spouse's estate. R.C. 2106.22. Therefore, we find Appellant's argument that particular requirements pertaining to other actions such as enforcement of a divorce decree, or garnishment, is necessary to enforce a separation agreement is without merit because the areas of the law cited by Appellant have no application in determining a surviving spouse's rights, at least not in context of a probate action.

{¶15} R.C. 2106.22 provides a "right" to a surviving spouse to challenge a separation agreement that includes a four-month statute of limitations. Specifically, it provides that a separation agreement is "valid" if the surviving spouse fails to challenge it within four months of the date that the administrator is appointed to the deceased spouse's estate. There is no dispute the administrator was appointed on May 14, 2018 and Appellant did not challenge the separation agreement until the February 7, 2019 hearing, approximately five months past the deadline. Because Appellant failed to timely challenge the separation agreement, it is presumed to be valid.

{¶16} As such, the Probate Court did not err in issuing the judgment that granted the Appellee's motion to enforce the terms of the March 10, 2016 separation agreement.  Accordingly, we affirm the judgment of the Probate Court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,


BY:     _____
              Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**